2001 OK 44

**STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,**

v.

**David A. KASERMAN, Respondent.**

OBAD No. 1452.
SCBD No. 4570.

Supreme Court of Oklahoma.

May 22, 2001.

¶ 0 Order Approving Resignation Pending Disciplinary Proceedings.

¶ 1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of the respondent, David A. Kaserman, pending disciplinary proceedings, the application and resignation reveal the following.

¶ 2 The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

¶ 3 The respondent's affidavit and the application show that two (2) grievances have been filed against Respondent and are pending before Complainant:

(1) DC 99–289 is a grievance alleging that respondent represented William Aufleger in a tax matter, Aufleger transferred $30,000 to respondent's trust account to settle the matter, and respondent converted those funds to his personal benefit.
(2) DC 00–145 is a grievance by Ben D. Stout alleging that respondent allowed a statute of limitations to run, and the Bar Association alleges that respondent failed to respond to this grievance.

¶ 4 The resignation states that the respondent is aware that the allegations concerning his conduct, if proven, would constitute violations of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A (as amended), the Oklahoma Rules of Professional Conduct, 5 O.S.1991 Ch.1, App. 3–A (as amended), and his oath as a lawyer.

¶ 5 The resignation states that the respondent is aware of the requirements of Rule 9.1, of the Rules Governing Disciplinary Proceedings, and shall comply with that Rule.

¶ 6 The resignation states that the respondent is aware that he may make no application for reinstatement prior to the expiration of five years from the date of the order approving his resignation, and that reinstatement requires compliance with Rule 11 of the Rules Governing Disciplinary Proceedings. See Rules 8.2, 11.1, Rules Governing Disciplinary Proceedings.

¶ 7 The resignation also states that the respondent is aware that the Client Security Fund may receive claims from his former clients, and that he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Client Security Fund for claims against him.

¶ 8 It further states that the respondent is aware that costs have been incurred by the Oklahoma Bar Association investigating the grievances, but requests that those costs be waived. The Bar Association's application for approval of the resignation waives costs.

¶ 9 The official roster address of the respondent is David A. Kaserman, O.B.A. No. 4,889, 809 Rolling Hills Terrace, Edmond, OK 73003.

¶ 10 The respondent states that he is treating his resignation effective from the date it was executed, and the Bar Association requests that the resignation be approved effective that date. We make the resignation effective, however, the date this order becomes final.

¶ 11 IT IS THEREFORE ORDERED, that the resignation of David A. Kaserman, pending disciplinary proceedings be approved.

¶ 12 IT IS FURTHER ORDERED, that the name of David A. Kaserman, be stricken from the roll of attorneys. The respondent may not make application for reinstatement prior to the expiration of five (5) years from the effective date of this order.

¶13 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 21ST DAY OF MAY, 2001.

/s/ RUDOLPH HARGRAVE,
Chief Justice

¶14 HARGRAVE, C.J., HODGES, LAVENDER, OPALA, KAUGER, SUMMERS, BOUDREAU, WINCEHSTER, JJ., concur.

¶15 WATT, V.C.J., dissent.